IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANTHONY YAWN,

    Petitioner,

v.                                                   CASE NO. 1:11-cv-158-MP-GRJ

SECRETARY OF DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a 2005 Alachua County conviction and sentence for trafficking in cocaine and conspiracy to traffic in cocaine, for which he is serving a 30-year sentence. (Doc. 1.)  Now pending before the Court is Respondent's amended motion to dismiss the Petition as time-barred.  (Doc. 8.)   Petitioner has filed a response to the motion.  (Doc. 10.)  Upon due consideration, the Court recommends that the motion be granted.[1]

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions.  The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

the time for seeking such review[.]"  The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances."  28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

Petitioner was sentenced on March 1, 2005 to 30 years in prison after being found guilty at a jury trial of trafficking in cocaine and conspiracy to traffic in cocaine. (Doc. 8, Exhs. B, C.) (hereafter "Resp. Exh."). The Florida First District Court of Appeal affirmed, *per curiam,* the conviction and sentence on May 23, 2006.  (Resp. Exh. E.); On July 10, 2006, the First DCA denied Petitioner's motion for written opinion and motion for rehearing and rehearing *en banc*.  (Resp. Exh. G.)  Petitioner's conviction became final 90 days later, on October 9, 2006,  when the time for filing a petition for a writ of *certiorari* in the Supreme Court expired.  *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (Petitioner has ninety days to seek *certiorari* in Supreme Court after direct review in state courts).

The one-year limitations ran for 185 days from after October 9, 2006 until April 13, 2007, when Petitioner filed a *pro se* postconviction motion. (Resp. Exh. H.)  The trial court denied the motion, and Petitioner appealed to the First DCA. (Resp. Exhs. J, K.)  On April 15, 2008, Petitioner filed a *pro se* motion to voluntarily dismiss this postconviction appeal, and the appeal was dismissed on April 28, 2008. (Resp. Exhs. L, M.)  Prior to the dismissal, Petitioner had filed a *pro se* Rule 3.850 postconviction motion in the trial court. (Resp. Exh. R.)  That postconviction motion was denied in part and dismissed in part by the trial court on April 29, 2009. (Resp. Exh. S.)  Petitioner subsequently filed an amended rule 3.850 postconviction motion, which was denied on

September 8, 2009; the First DCA affirmed *per curiam* and mandate issued on April 21, 2010. (Resp. Exhs. T-W.) The one-year AEDPA limitations period remained tolled however, because another postconviction motion, filed April 21, 2008, was still pending in state court. (Resp. Exh. X.) That motion was denied by the trial court and affirmed *per curiam* by the First DCA, with mandate issuing May 20, 2010. (Resp. Exhs. Y, S, AA); *Yawn v. State,* 34 So.3d 8 (Fla. 1st DCA 2010) (table). Petitioner filed the instant petition for federal habeas relief on August 8, 2011. (Doc. 1.)

Petitioner's conviction and sentence became final for AEDPA purposes on October 9, 2006. The 365-day statute of limitations period ran for 185 days, until April 13, 2007, when Petitioner filed his first postconviction motion. The statute of limitations was tolled by various postconviction proceedings until May 20, 2010, when the mandate issued in Petitioner's appeal of the denial of his final pending postconviction motion. The limitations period ran until its expiration 180 days later on November 16, 2010. Accordingly, the instant federal habeas petition, which Petitioner provided to prison officials for mailing on August 8, 2011, is untimely, as it was filed 265 days after the expiration of the one-year AEDPA limitations period.

In his response, Petitioner states that he has health problems and takes issue with Respondent's delay in responding to the petition. (Doc. 10.) Petitioner has failed to allege any extraordinary circumstances that prevented him from timely filing his claim. The instant petition is time-barred and Petitioner has failed to demonstrate entitlement to equitable tolling.

For the foregoing reasons it is respectfully **RECOMMENDED** that the amended motion to dismiss the petition as time-barred, Doc. 8, be **GRANTED,** and that a

certificate of appealability be **DENIED**.

    **IN CHAMBERS** this 28th day of February 2012.

        *s/ Gary R. Jones*
        GARY R. JONES
        United States Magistrate Judge

### NOTICE TO THE PARTIES

    Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.