**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

ANTHONY YAWN,

    Petitioner,

v.        CASE NO. 1:11cv158-MP-GRJ

SECRETARY OF DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____/

**O R D E R**

    This matter is before the court on the Report and Recommendation of the Magistrate Judge (doc. 11), recommending that the petition be dismissed as untimely under the one-year limitations period of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  In his objections (doc. 14), the petitioner argues that he is entitled to equitable tolling of the limitations period due to an injury he suffered in July of 2010.  Petitioner alleges that he was struck by a 300 pound table and suffered "excruciating pain in his neck, shoulders and loss of all his strength in his right arm, lower back spine, and legs."  Doc. 14, pp. 1-2. Petitioner states that doctors at his facility did not send him to a specialist until November of 2010, but he does not otherwise specify what medical treatment he received between July 2010 and November 2010 or whether he was hospitalized or incapacitated at any point during that time.  Eventually, in November of 2010, petitioner was transferred to the Reception and Medical Center at Lake Butler, where he received treatment for his injuries.  A little over a year later, in December of 2011, he received surgery on his spine, and expects to require a second surgery in the future.  Petitioner further argues that, in the meantime, on January 27, 2011, he filed a motion to correct illegal sentence in state court under Fla. R. Crim. P. 3.800(a) which he claims was still pending at the time of the filing of his federal habeas petition.

If petitioner is entitled to equitable tolling and the circumstances of the 3.800(a) motion are as petitioner claims, his petition would be timely.  Petitioner and respondent concede that as of May 20, 2010, 185 days of the 365 day AEDPA limitation period had run.  See Report and Recommendation, Doc. 11, p. 2-3.  This left him with 180 days, which would have run in November of 2010 absent tolling.

In his objections (doc. 14), petitioner states that he was injured in July 2010, "60 days delaying from the date May 20, 2010."  Thus petitioner concedes that at the time of his injury he had 120 days left in the one-year limitations period.  He then described the filing of his state 3.800 motion on January 27, 2011, as being "60 days delay from November, 2010", which implies that he considered his injury to have resolved enough to lift any equitable tolling 60 days earlier, in late November of 2010.

Since he had 180 days left as of May, 2010, and let 60 pass before he was injured and then 60 more after his injury but before he filed his latest state 3.800 motion, he would still have 60 days left if his injury tolled the limitations period, and his January 27, 2011, 3.800 motion was properly filed and was still pending at the time he filed his federal action.

 "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir.2001).  Equitable tolling is an extraordinary remedy that must be applied sparingly. *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id.* "To be entitled to equitable tolling, [Petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007).

"Illness -- mental or physical -- tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period." *Price v. Lewis*, 119 Fed.Appx. 725 (6th Cir. 2005); *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir.1996) (discussing mental illness); *Rhodes v. Senkowski*, 82 F.Supp.2d 160, 168-70

(S.D.N.Y.2000) (discussing physical and mental illness and collecting cases). In *Mazola v. U.S.*, 294 Fed.Appx. 480 (11th Cir. 2008), for example, the panel upheld the granting of 42 days of equitable tolling, accounting for the days the plaintiff was hospitalized for pneumonia, tuberculosis, seizures and asthma. However, the *Mazola* panel declined to require further equitable tolling during times when the plaintiff was ill but was not hospitalized. Likewise, in *Robinson v. U.S.*, 327 Fed.Appx. 816 (11th Cir. 2007), the panel concluded that a hernia, scabies, a heart condition, high blood pressure, dental needs and denial of proper medication -- but without incapacitating hospitalization -- did not rise to the level of "extraordinary circumstances" justifying equitable tolling. The Second Circuit in *Harper v. Ercole*, 648 F.3d 132 (2nd Cir. 2011) found such extraordinary circumstances in a case where the prisoner plaintiff was hospitalized for several months and endured six surgeries.

Upon consideration, the court concludes that the petitioner's alleged medical history, viewed in the light most favorable to petitioner, makes a colorable claim of equitable tolling and that petitioner should have the opportunity to show that his medical condition between July and November of 2010 renders his case more like *Mazola* and *Harper*, where equitable tolling was allowed, than *Robinson,* where it was not.

Accordingly, it is now **ORDERED** that the Report and Recommendation of the Magistrate Judge (doc. 11), is rejected and this matter remanded to the magistrate judge for an evidentiary hearing to allow petitioner an opportunity to show extraordinary circumstances and otherwise due diligence through testimony and medical records.

**DONE and ORDERED** this 17th day of September, 2012.

                                       s/ *M. Casey Rodgers*
                                       **M. CASEY RODGERS**
                                       **CHIEF UNITED STATES DISTRICT JUDGE**