IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANTHONY YAWN,

    Petitioner,

v.                                                     CASE NO. 1:11-cv-158-MP-GRJ

SECRETARY OF DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____/

## **REPORT AND RECOMMENDATION**

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a 2005 Alachua County conviction and sentence for trafficking in cocaine and conspiracy to traffic in cocaine, for which he is serving a 30-year sentence. (Doc. 1.) Respondent previously moved to dismiss this § 2254 petition for writ of habeas corpus as time-barred. (Docs. 6, 8.) The undersigned issued a Report and Recommendation in February 2012 recommending the petition be dismissed as time-barred. (Doc. 11.)

In his objections to the Report and Recommendation, Petitioner claimed that he was entitled to equitable tolling of the statute of limitations due to an injury he suffered in July 2010. Specifically, Petitioner alleged that he was struck by a 300-pound table. He alleges that doctors at his facility sent him to a specialist in November 2010 and in December 2011 he received spinal surgery. Petitioner did not specify the medical treatment he received between July and November 2010. (Doc. 14.) The District Judge rejected the Report and Recommendation and remanded the case to the

undersigned for an evidentiary hearing to afford Petitioner "the opportunity to show that his medical condition between July and November 2010" was the type of extraordinary circumstance to support a claim of equitable tolling. (Doc. 15.) Because Petitioner filed a postconviction motion 60 days after the limitations period expired, if he was entitled to at least 60 days of equitable toling between July and November 2010, then that postconviction motion would have been filed within the limitations period and would have started a new tolling period. That postconviction motion was not fully resolved until February 2013.

An evidentiary hearing on the issue of equitable tolling–and specifically, whether Petitioner was entitled to at least 60 days of equitable tolling between July and November 2010–was conducted before the undersigned on February 20, 2013. Petitioner was appointed counsel for the evidentiary hearing. After hearing new evidence on Petitioner's claim of equitable tolling, the Court recommends that the motion to dismiss as time-barred be denied.

## One-Year Limitation Period

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances." 28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## **Procedural History**

Petitioner was sentenced on March 1, 2005 to 30 years in prison after being found guilty at a jury trial of trafficking in cocaine and conspiracy to traffic in cocaine. (Doc. 8, Exhs. B, C.) (hereafter "Resp. Exh."). The Florida First District Court of Appeal affirmed, *per curiam,* the conviction and sentence on May 23, 2006. (Resp. Exh. E.); On July 10, 2006, the First DCA denied Petitioner's motion for written opinion and motion for rehearing and rehearing *en banc*. (Resp. Exh. G.) Petitioner's conviction became final 90 days later, on October 9, 2006, when the time for filing a petition for a writ of *certiorari* in the Supreme Court expired. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (Petitioner has ninety days to seek *certiorari* in Supreme Court after direct review in state courts).

The one-year limitations ran for 185 days from after October 9, 2006 until April 13, 2007, when Petitioner filed a *pro se* postconviction motion. (Resp. Exh. H.) The trial court denied the motion, and Petitioner appealed to the First DCA. (Resp. Exhs. J, K.) On April 15, 2008, Petitioner filed a *pro se* motion to voluntarily dismiss this postconviction appeal, and the appeal was dismissed on April 28, 2008. (Resp. Exhs. L, M.) Prior to the dismissal, Petitioner had filed a *pro se* Rule 3.850 postconviction motion in the trial court. (Resp. Exh. R.) That postconviction motion was denied in part and dismissed in part by the trial court on April 29, 2009. (Resp. Exh. S.) Petitioner subsequently filed an amended rule 3.850 postconviction motion, which was denied on September 8, 2009; the First DCA affirmed *per curiam* and mandate issued on April 21, 2010. (Resp. Exhs. T-W.) The one-year AEDPA limitations period remained tolled however, because another postconviction motion, filed April 21, 2008, was still pending

in state court. (Resp. Exh. X.) That motion was denied by the trial court and affirmed *per curiam* by the First DCA, with mandate issuing May 20, 2010. (Resp. Exhs. Y, S, AA); *Yawn v. State,* 34 So.3d 8 (Fla. 1st DCA 2010) (table). Petitioner filed the instant petition for federal habeas relief on August 8, 2011. (Doc. 1.)

Petitioner's conviction and sentence became final for AEDPA purposes on October 9, 2006. The 365-day statute of limitations period ran for 185 days, until April 13, 2007, when Petitioner filed his first postconviction motion. The statute of limitations was tolled by various postconviction proceedings until May 20, 2010, when the mandate issued in Petitioner's appeal of the denial of his final pending postconviction motion. The limitations period ran until its expiration 180 days later on November 16, 2010. Petitioner provided the instant federal habeas petition to prison officials for mailing on August 8, 2011. Without equitable tolling, the petition is untimely, as it was filed 265 days after the expiration of the one-year AEDPA limitations period.

## Evidentiary Hearing

At the evidentiary hearing conducted February 20, 2013, Petitioner was present and represented by appointed counsel. Petitioner testified at the evidentiary hearing as follows: On July 16, 2010, he was eating in the chow hall at Calhoun C.I. and was sitting at a table with four other inmates. When the other inmates got up from the table, the 300-pound, steel table flipped and fell on him, causing him to hit his head and neck on the concrete floor and his back on the steel table. An inmate helped Petitioner from under the table and the inmate and an officer helped him to the infirmary. At the infirmary, he complained of pain shooting through his neck and head, pain in his back, and numbness in his right leg down to the tip of his toe. The nurse "got aggressive" and

made him leave the infirmary without bringing a doctor or taking x-rays. He was assisted back to his dorm and told by the officer to lay down. He attended sick call the next day and was told he would be able to see a doctor. Days passed and he hadn't seen a doctor, so he went to sick call again.

Petitioner spent the next several months repeatedly accessing sick call and filing grievances in an attempt to obtain medical care to relieve his "excruciating" pain. The pain would shoot from his neck to the back of his head, causing numbness and loss of vision. He did not receive any prescription pain medication between July and November 2010. He was given a back brace and restricted to no lifting, bending, pushing, pulling, prolonged standing, or recreation. He was assigned to be a houseman, but the supervising officer limited his duties to wiping down a water fountain and another inmate would do it for him.

Petitioner testified that his ability to read and write was limited because of the pain in his head and neck. He could not look down to read or write for any extended period of time. A fellow inmate wrote all of the grievances but one, but Petitioner did fill out the short forms for sick call himself. He testified that he was actively pursuing his legal remedies prior to the accident but was unable to do so after the accident until after he was transferred to Lake Butler Regional Medical Center in November 2010 and received additional treatment and medication. Reading and writing caused pain, he did not have the mobility to go to the law library, and he could not afford to hire a lawyer to prepare the federal habeas petition for him.

Petitioner eventually had two surgeries – a cervical dissectomy and fusion in

2011 and a lumbar fusion and decompression in 2012. He is currently housed at Lake Butler. He requires the use of a wheelchair and a walker.

Petitioner presented four documentary exhibits: (A) his medical records while incarcerated at Calhoun C.I. from July to November 2010; (B) 17 pages of grievances and responses related to Petitioner's requests for additional medical treatment; (C) 11 pages of medical records related to Petitioner's surgeries in November 2011 and October 2012; and (D) a 2-page printout from the Department of Corrections showing when Petitioner was billed for sick call co-pays during the relevant time period.

Petitioner's Exhibit A supports Petitioner's testimony regarding the limited treatment he received at Calhoun C.I. during the relevant time period of July-November 2010, as well has some records from Lake Butler RMC. During the relevant time period, Petitioner consistently complained of pain at a 9 or 10 out of a 10-point scale. These records reflect that prior to the accident, Petitioner had already had back surgery, a laminectomy and fusion in his lower back.

Petitioner's Exhibit B contains several grievances and inmate requests. It appears that only two of the forms were written by one person (1-page grievance dated July 23, 2010 and a half-page medical request dated August11, 2010). The remaining forms, 5 in total, and most over two pages, appear to be written by another person. This tends to corroborate Petitioner's testimony that another inmate wrote most of the grievances for him. Petitioner's Exhibit C contains records of Petitioner's surgeries following the accident. Finally, Petitioner's Exhibit D demonstrates that Petitioner's inmate account was billed a sick call co-pay on at least 11 different occasions.

Respondent submitted two exhibits at trial. Respondent's Exhibit 1 contains pleadings related to Petitioner's January 27, 2011 Rule 3.800(a) postconviction motion. Exhibit 2 contains pleadings related to Petitioner's August 26, 2011 Rule 3.850 postconviction motion.

## Discussion

"Equitable toling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dept' of Corr.,* 259 F.3d 1310, 1312 (11th Cir. 2001). It is "an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dept. of Corr.,* 297 F.3d 1278, 1286 (11th Cir. 2002). To demonstrate entitlement to equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).

Illness can toll the statute of limitations "if it actually prevents the sufferer from pursuing his legal rights during the limitations period." *Price v. Lewis*, 119 Fed. Appx. 725 (6th Cir. 2005). Analysis of equitable tolling claims is highly fact-specific and "the exercise of a court's equity powers must be made on a case-by-case basis." *Holland v. Florida*, ____ U.S. ____, 130 S. Ct. 2549, 2563 (2010). Furthermore, "specific circumstances, often hard to predict in advance, could warrant special treatment in an

appropriate case." *Id.* at 2563. It is worth noting that "very few courts have addressed the issue of whether a petitioner's physical and/or mental illness can toll the AEDPA's one-year limitations period. *Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 168 (S.D. N.Y. 2000) (listing cases).

Having examined the record and the evidence presented at the hearing, the undersigned finds that, on the specific facts of this case, Petitioner has demonstrated entitlement to equitable tolling from July 16, 2010 through November 2010. Petitioner, who had already had a fusion surgery to his back, suffered a severe injury to his back and neck (in addition to prior back surgery) that caused him to be in "excruciating" pain for several months. His pain was treated with only analgesic rubs and mild over-the-counter pain relievers during the relevant time period, but when he was transferred he received prescription pain medication and eventually, two major surgeries to his neck and back. This medical evidence supports Petitioner's assertion that the nature of his head and neck injury caused pain, numbness, and blurred vision. These symptoms made prolonged reading or writing impossible given the type of pain management Petitioner was receiving. His back injury also caused difficulty ambulating, and these restrictions made extended access to the prison law library difficult for Petitioner.

Petitioner had been diligently pursuing his legal remedies prior to the accident, as evidenced by his state court filings. The accident occurred soon after the limitations period began running at the conclusion of a postconviction proceeding. Petitioner did not receive specialized medical care until just after the limitations period ended. The fact that approximately 60 days after he began receiving additional treatment at Lake

Butler, Plaintiff filed a postconviction motion on January 27, 2011, followed later by the instant federal habeas petition and another postconviction motion, also supports his assertion that his condition between July and November 2010 rendered him unable to pursue his legal remedies. Taken together–the severity of the injury, the nature of the injury and its effects on Petitioner's ability to read and write (Petitioner testified that he cannot type), the timing of the injury and delay in specialized treatment–are the type of specific facts that give rise to the "extraordinary circumstances" required to apply equitable tolling. Furthermore, these extraordinary circumstances caused him to miss his original AEDPA deadline of November 16, 2010, as his extraordinary circumstances arose after approximately 245 days of the limitations period had run and continued past the one-year deadline. No filing time remained when his extraordinary circumstances ended. *See, e.g., San Martin v. McNeil,* 633 F.3d 1257, 1267 (11th Cir. 2011) (requiring defendant "to show a causal connection between the alleged extraordinary circumstances and the late filing of the petition").

Petitioner has also satisfied the diligence requirement for equitable tolling. A petitioner seeking equitable tolling of the AEDPA one-year limitations period must show that he acted with reasonable diligence. *Holland,* 130 S. Ct. 2549 at 2565 ("The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'"). Stated another way, Petitioner must show that he acted "as diligently as reasonably could have been expected *under the circumstances*." *Baldayaque v. United States,* 338 F.3d 145, 151 (2d Cir. 2003). Under the extraordinary circumstances specific to Petitioner's case, especially where his ability to

read and write were severely compromised, the Court finds that he acted with reasonable diligence.

Accordingly, Petitioner has, *on this very unique set of facts*, demonstrated entitlement to equitable tolling for July-November 2010.  When this period of equitable tolling is factored in to the calculation of Petitioner's limitations period, his federal petition for habeas corpus would have been timely filed on August 8, 2011.  (Doc. 1.)

## Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED** that the amended motion to dismiss the petition as time-barred, Doc. 8, be **DENIED**, the petition be considered timely filed, and Petitioner's claims evaluated on the merits following full briefing on the issues.

**IN CHAMBERS** this 13th day of March 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**